MARY PEARCE et al., Respondents, v. MORRIS PARKER et al., Doing Business as PARKER & MEGNA, Defendants, and BATHING JEWELS, INC., et al., Appellants. MORRIS PARKER et al., Doing Business as PARKER & MEGNA, Third-Party Plaintiffs, v. LOUIS KATZ et al., Doing Business as BERKSHIRE DRUGGISTS' SUNDRIES SUPPLY COMPANY, Third-Party Defendants.— Motion for leave to appeal to the Appellate Division granted. Present — Adel, Acting P. J., Wenzel, MacCrate, Beldock and Murphy, JJ.

WOODSAM ASSOCIATES, INC., Respondent, v. HARRY A. REYNOLDS PHARMACY, INC., Appellant.— Motion for reargument denied, with $10 costs. Motion for leave to appeal to the Court of Appeals denied. Present — Adel, Acting P. J., Wenzel, MacCrate, Beldock and Murphy, JJ. [See ante, p. 973.]

BENJAMIN COHEN, Respondent, v. TOMASELLO MASONS, INC., Appellant, and HARTHEL CONSTRUCTION CORP., Appellant-Respondent.— Plaintiff, an employee of a subcontractor, sues the general contractor, Harthel Construction Corp., and the bricklaying work subcontractor, Tomasello Masons, Inc., to recover for personal injuries, alleged to have been sustained when he was struck by a brick or bricks, alleged to have fallen from a scaffold near the sixth floor of a building under construction, where he was working. Defendant Harthel served a cross complaint against defendant Tomasello. The jury rendered a verdict in plaintiff's favor against both defendants, and the court granted judgment over in favor of defendant Harthel on its cross complaint. Defendant Tomasello appeals from the judgment entered thereon, and defendant Harthel appeals from said judgment insofar as it is in favor of plaintiff and against it. Judgment affirmed, with one bill of costs to plaintiff, payable by defendants Harthel and Tomasello, and with costs to defendant Harthel, payable by defendant Tomasello. No opinion. Nolan, P. J., Wenzel, Schmidt and Murphy, JJ., concur. Adel, J., concurs in the affirmance of the judgment insofar as it is in favor of plaintiff against defendant Tomasello but dissents insofar as the judgment is affirmed in all other respects, with the following memorandum: It is my opinion that there is no evidence sufficient to justify a finding that defendant Harthel, the general contractor, knew of the absence of screens and that there is no evidence that the condition existed for such length of time as to charge it with knowledge thereof. Plaintiff's proof established that the scaffold level was changed every half hour and that the screens were removed and replaced with each change of level. Under these conditions the general contractor may not be held liable for the failure to equip the scaffold with screens. Nor, for the same reasons, may it be held liable on the theory that it failed to provide plaintiff with a safe place in which to work. Therefore, I believe that the judgment should be modified by striking therefrom the provisions for recovery by plaintiff against the general contractor, defendant Harthel, and for recovery in favor of that defendant on its cross complaint against defendant Tomasello and that plaintiff's complaint against defendant Harthel should be dismissed.